## CASE NO. 13-1225

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE TENTH CIRCUIT

| | |
|---|---|
| SONYA KING, | ) |
| | ) |
| Plaintiff-Appellant, | ) |
| | ) |
| v. | ) |
| | ) |
| MIDLAND CREDIT MANAGEMENT, INC., | ) |
| a Kansas corporation, | ) |
| | ) |
| Defendant-Appellee. | ) |

On Appeal from the United States District Court
For the District of Colorado
The Honorable Judge Christine M. Arguello
D.C. No. 1:11-cv-02808-CMA-BNB

## APPELLANT'S OPENING BRIEF

Respectfully submitted,

David M. Larson, Esq.
Attorney for the Plaintiff-Appellant
88 Inverness Circle East, Suite I-101
Englewood, CO 80112
(303) 799-6895

Oral Argument is not requested.
SCANNED PDF FORMAT ATTACHMENTS ARE INCLUDED

Date: July 2, 2013

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES…………………………………………-iv-

PRIOR OR RELATED APPEALS……………………………………..-v-

STATEMENT OF JURISDICTION…………………………………1

STATEMENT OF THE ISSUES………………………………………..1

STATEMENT OF THE CASE…………………………........................1

STATEMENT OF THE FACTS…………………………….............2

SUMMARY OF THE ARGUMENTS………..………………………...4

THE DISTRICT COURT ERRED IN DENYING THE PLAINTIFF'S
SUPPLEMENTAL MOTION FOR ATTORNEYS FEES IN ITS ORDER
DATED MAY 21, 2013 BY DENYING PLAINTIFF'S ATTORNEYS
FEES EXPENDED AFTER THE PLAINTIFF'S MOTION FOR
ATTORNEYS FEES WAS FILED WITH THE COURT IN SUPPORT OF
AND IN FURTHERANCE OF THE PLAINTIFF'S MOTION FOR
ATTORNEYS FEES…………………………………………….………4

ARGUMENTS……………………………………………………………4

PLAINTIFF IS ENTITLED TO ADDITIONAL ATTORNEYS FEES FOR
HER TIME SPENT ON THIS APPEAL AND FOR HER COSTS AS A
RESULT OF THIS APPEAL…………………………………………12

STATEMENT OF COUNSEL AS TO ORAL ARGUMENT…………..13

CONCLUSION…………………………………………………………..13

CERTIFICATE OF COMPLIANCE…………………………………..14

CERTIFICATE OF DIGITAL SUBMISSION…………………………..14

CERTIFICATE OF SERVICE…………………………………….…..15


ATTACHMENTS:

Sonya King v. Midland Credit Management, Inc., 13-cv-01138-CMA-BNB, Order re Plaintiff's Supplemental Motion for Attorneys Fees, CM/ECF # 29……………………………………………………………………… 1


**TABLE OF AUTHORITIES**

# CASES

Anchondo v. Anderson, Crenshaw & Associates, 616 F.3d 1098, 1107 (10th Cir. 2010)……………………………………………………………12

Bernback v. Greco, 2007 WL 108293, page 2 (3rd Cir. Jan. 16, 2007)…9

Brimer v. Life Ins. Co. Of North America, 2012 WL 414386, page 7 (10th Cir. February 12, 2012)……………………………………………7

DeJesus v. Banco Popular de Puerto Rico, 918 F.2d 232, 235 (1st Cir. 1990)……………………………………………………………11

Glass v. Pfeffer, 849 F.2d 1261, 1266, Footnote 3 (10th Cir. 1988)………12

Graziano v. Harrison, 950 F.2d 107, 113 (3rd Cir. 1991)…………………11

Hernandez v. George, 793 F.2d 264, 269 (10th Cir. 1986)………………..12

Hill v. SmithKline Beecham Corp., 393 F.3d 1111, 1117 (10th Cir.2004) ……………………………………………………………...…..….. 6

Johnson v. Riddle, 305 F.3d 1107 (10th Cir. 2002)……..…………….…..6

Scottsdale Insurance Company v. Tolliver, 636 F.3d 1273, 1276 (10th Cir. 2011)…………………………………………………………...5

Wagner v. Shinseki, 640 F.3d 1255, 1260 (Fed. Cir. 2011)……………......10

White v. Cavalry Portfolio Services, LLC, 2012 WL 899280, page 1 (D.Colo. March 16, 2012) (unpublished)…………………………..…….7

Whittington v. Nordam Group Inc., 429 F.3d 986, 1002 (10th Cir. 2005)...12

# STATUTES

15 U.S.C. § 1601 et. seq……………………..…………….…………...6

15 U.S.C. § 1692k(a)(3)…………………………………………....12

15 U.S.C. § 1692k(d)………………………………………………1

28 U.S.C. § 1291……………………………………….…………..1

# OTHER

Blacks Law Dictionary……………………………….………..6, 7, 9

Federal Rules of Appellate Procedure, Rule 4(a)(4)…………...………..…1

Federal Rules of Civil Procedure, Rule 54…………………………………10

Federal Rules of Civil Procedure, Rule 54(a)…………………….....……10

Federal Rules of Civil Procedure, Rule 54(d)(2)(B)(i)………......6, 9, 10, 11

Federal Rules of Civil Procedure, Rule 54(d)(2)(B)(iii)………….......6, 7, 8, 9

Federal Rules of Civil Procedure, Rule 68……………………….....…1, 2, 3

Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et.seq……………….2

## PRIOR OR RELATED APPEAL

None.

COMES NOW the Plaintiff-Appellant, Sonya King, by and through her counsel, David M. Larson, Esq., and for her opening brief states as follows:

## STATEMENT OF JURISDICTION

The United States District Court for the District of Colorado had jurisdiction over this matter pursuant to 15 U.S.C. § 1692k(d). Pursuant to Defendant's Fed.R.Civ.P. 68 Offer of Judgment, the Court entered Judgment in favor of the Plaintiff and against the Defendant. Pursuant to the Judgment the Plaintiff filed a Motion for Attorney's Fees and Supplemental Motion for Attorney's Fees. The Court entered an Order granting in part and denying in part the Plaintiff's Motion for Attorney's Fees. The Court entered an Order denying the Plaintiff's Supplemental Motion for Attorney's Fees on May 21, 2013. (Attachment 1). The notice of appeal was timely filed in accordance with Fed.R.App.4(a)(4) on May 22, 2013. This appellate court's jurisdiction derives from 28 U.S.C. § 1291.

## STATEMENT OF THE ISSUES

THE DISTRICT COURT ERRED IN DENYING THE PLAINTIFF'S SUPPLEMENTAL MOTION FOR ATTORNEY'S FEES IN ITS ORDER DATED MAY 21, 2013 BY DENYING PLAINTIFF'S ATTORNEYS FEES EXPENDED AFTER THE PLAINTIFF'S MOTION FOR ATTORNEYS FEES WAS FILED WITH THE COURT IN SUPPORT OF AND IN FURTHERANCE OF THE PLAINTIFF'S MOTION FOR ATTORNEYS FEES.

## STATEMENT OF THE CASE

The Plaintiff brought the underlying action against the Defendant alleging that the Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. §

1

1692 et. seq. (hereinafter the "FDCPA") as a result of false and misleading statements and unfair practices by the Defendant while attempting to collect a debt from the Plaintiff. The Defendant served a Fed.R.Civ.P. 68 Offer of Judgment upon the Plaintiff which the Plaintiff accepted and filed with the Court.

On December 28, 2011 pursuant to Fed.R.Civ.P. 68 the Court entered Judgment in favor of the Plaintiff and against the Defendant on the terms stated in the Fed.R.Civ.P. 68. Pursuant to the Judgment the Plaintiff filed a Motion for Attorneys Fees on January 11, 2012. The Defendant filed its Response to the Plaintiff's Motion for Attorney's Fees on February 1, 2012. The Plaintiff filed her Reply to the Defendant's Response on February 16, 2012.

The Plaintiff filed a Supplemental Motion for Attorneys Fees on August 30, 2012. The Defendant filed its Response to the Plaintiff's Supplemental Motion for Attorney's Fees on September 20, 2012. The Plaintiff filed her Reply to the Defendant's Response on October 4, 2012. The Plaintiff filed a Notice of Supplemental Authorities with the Court on March 12, 2013.

The Court entered an Order granting in part and denying in part the Plaintiff's Motion for Attorney's Fees on August 20, 2012 and entered an Order denying the Plaintiff's Supplemental Motion for Attorney's Fees on May 21, 2013. (Attachment 1).

## STATEMENT OF THE FACTS

1.  On October 27, 2011 the Plaintiff filed a Complaint and Jury Demand with the Court alleging that the Defendant violated the FDCPA, CM/ECF # 1. Applt. Appx. p. 5.

2.  On December 21, 2011 the Plaintiff filed her Notice of Acceptance of the Defendant's Fed.R.Civ.P. 68 Offer of Judgment with the Court with the Defendant's Offer of Judgment attached, CM/ECF #7. Applt. Appx. p. 33.

3.  On December 28, 2011 the Court entered Judgment in favor of the Plaintiff and against the Defendant pursuant to the terms in the Defendant's Fed.R.Civ.P. 68 Offer of Judgment, CM/ECF #8. Applt. Appx. p. 38.

4.  The Plaintiff filed a Motion for Attorneys Fees, CM/ECF # 11, on January 11, 2012. Applt. Appx. p. 40.

5.  The Defendant filed a Response, CM/ECF # 12, to Plaintiff's Motion for Attorneys Fees on February 1, 2012.  Applt. Appx. p. 57.

6.  The Plaintiff filed a Reply, CM/ECF # 14, to the Defendant's Response on February 16, 2012. Applt. Appx. p. 101.

7.  Plaintiff's Reply specifically requested an additional $780.00 in attorney's fees for time expended on in support of the Motion for Attorney's Fees after the Motion for Attorney's Fees was filed. Applt. Appx. p. 110.

8.  The Plaintiff filed a Supplemental Motion for Attorneys Fees, CM/ECF # 24, on August 30, 2012. Applt. Appx. p. 188.

9.   Plaintiff's Supplemental Motion for Attorneys Fees specifically requested an additional $1,475.00 (including the $780.00 stated above in paragraph 7) in attorney's fees for time expended in support of the Motion for Attorney's Fees after the Motion for Attorney's Fees was filed. "plus any attorney's fees expended by Plaintiff in reviewing the Defendant's response to this Motion, if any, and to Reply to the Defendant's Response, if any…". Applt. Appx. p. 197.

10.  The Defendant filed a 4 page Response, CM/ECF # 25, to Plaintiff's Supplemental Motion for Attorneys Fees on September 20, 2012.  Applt. Appx. p. 213.

11.  The Plaintiff filed a Reply, CM/ECF # 26, to the Defendant's Response on October 4, 2012. Applt. Appx. p. 220.

## SUMMARY OF THE ARGUMENTS

The District Court erred in denying in the Plaintiff's Supplemental Motion for Attorneys Fees in its Order dated May 21, 2013 as to the Plaintiff's Attorneys Fees expended after the Plaintiff's Initial Motion for Attorneys Fees was filed with the Court in furtherance and in support of that Motion. (Attachment 1).

## ARGUMENTS

The Court erred in denying the Plaintiff's Supplemental Motion for Attorneys Fees in its Order dated May 21, 2013 as to the Plaintiff's Attorneys Fees

expended after the Plaintiff's Initial Motion for Attorneys Fees was filed with the Court in furtherance and in support of that Motion. (Attachment 1).

We review a district court's decision on whether to award attorneys fees for abuse of discretion, but we review de novo the district court's application of the legal principles underlying that decision. Scottsdale Insurance Company v. Tolliver., 636 F.3d 1273, 1276 (10th Cir.2011). We also review questions of statutory interpretation de novo. Hill v. SmithKline Beecham Corp., 393 F.3d 1111, 1117 (10th Cir.2004).

This Court held in Johnson v. Riddle, 305 F.3d 1107, 1117 (10th Cir. 2002) that "Because the FDCPA, like the Truth in Lending Act (TILA), 15 U.S.C. § 1601 et seq., is a remedial statute, it should be construed liberally in favor of the consumer."

The District Court's Order refers to Fed.R.Civ.P. 54(d)(2)(B)(iii) which states: "state the amount sought or provide a fair estimate of it; and" as the basis for denying the fees expended after Plaintiff's Motion for Attorneys Fees was filed in support of the initial Motion as the basis for denying the Plaintiff those fees sought via both the Plaintiff's Motion for Attorneys Fees and the Plaintiff's Supplemental Motion for Attorneys Fees on the grounds that the request for those attorneys fees were untimely as they were sought more than 14 days after Judgment entered as required by Fed.R.Civ.P. 54(d)(2)(B)(i).

"Fair" is defined in part as: "Having the qualities of impartiality and honesty; free from prejudice, favoritism, and self interest. Just, equitable; even handed; equal, as between conflicting interests." Blacks Law Dictionary, Sixth Edition, 1990.

"Estimate" is defined in part as: "A valuing or rating by the mind, without actually measuring, weighing or the like. A rough or approximate calculation only." Blacks Law Dictionary, Sixth Edition, 1990.

The Plaintiff had no way of estimating what her future attorneys fees would be in the case as of the date she filed her initial Motion for Attorneys Fees as she had no way of knowing if the Defendant would file a Response to the Motion, how detailed the Response would be and/or how long it would take Plaintiff's counsel to review the Response and the caselaw cited therein, if any, how much time would be expended completing the Reply to the Defendant's Response, that the District Court would refer the Motion to a U.S. Magistrate Judge for a Recommendation, that the Defendant would file objections to the Magistrate Judge's Recommendation and that the Plaintiff would file a Response to the Defendant's Objections and that both parties would file Notices of Supplemental Authority with cases attached. All these variables it was impossible for Plaintiff's counsel to estimate the future fees that would be expended in the future at the time of the filing of her Motion for Attorneys Fees which is why the Plaintiff sought them via

her Supplemental Motion for Attorneys Fees. While the Plaintiff could estimate the attorneys fees she had expended up to the date of the filing of the Motion for Attorneys Fees pursuant to Fed.R.Civ.P. 54(d)(2)(B)(iii) she had no way of doing so as to her future Attorneys Fees she would expend after the Motion for Attorneys Fees was filed at the time of the Filing of the her initial Motion for Attorneys Fees.

Any amount that Plaintiff had listed in her Motion as an estimate of her future fees after the initial Motion was filed would be rightfully attacked by the Defendant in its Response as not "fair" or not a "fair estimate" as fair is defined above. The District Court's incorrect interpretation of Fed.R.Civ.P. 54(d)(2)(B)(iii) in its Order as applying to future fees as opposed to fees already expended puts the Plaintiff in a position in which she cannot hope to prevail, she is required to meet a standard that she cannot meet despite her best efforts as in this case – seeking the Attorneys Fees via both her initial Motion and via her Supplemental Motion. Indeed the District Court previously rejected a Plaintiff's counsels clients in a FDCPA cases fees expended after the Motion for Attorneys Fees was filed in support of the Motion on the grounds that the request was untimely except in that case the District Court said it was because an argument first raised in a reply was untimely citing Brimer v. Life Ins. Co. of North America, 2012 WL 414386, page 7 (10th Cir. February 12, 2012). (unpublished) in White v. Cavalry Portfolio Services, LLC, 2012 WL 899280, page 1 (D.Colo. March 16, 2012) (unpublished).

7

So in this case the Plaintiff attempts to receive the Attorneys Fees via both her initial Motion and her Supplemental Motion for Attorneys Fees and the Court denies them for a different reason, making the standard to get the subsequent Attorneys Fees awarded a moving target.

"Supplemental" is defined as: "That which is added to a thing or act to complete it." Blacks Law Dictionary, Sixth Edition, 1990.

The District Court erred in its Order in denying Plaintiff's Supplemental Motion for Attorneys Fees as to the Plaintiff's attorney's fees expended after the Plaintiff's Motion was filed in support of the Motion as claimed by the Plaintiff in both the Motion and the Reply to the Defendant's Response to the Plaintiff's Initial Motion because the Court's Order found that the Plaintiff's Supplemental Motion for Attorneys Fees was not timely. This is incorrect. The Plaintiff first sought the Attorneys Fees via her Motion for Attorneys Fees in the Reply and then also sought them via her Supplemental Motion for Attorneys Fees. As the definition of Supplemental above states it is added to a thing or act to complete it. Thus Plaintiff's Supplemental Motion for Attorneys Fees was timely as it was not a new Motion that would have been untimely pursuant to Fed.R.Civ.P. 54(d)(2)(B)(i) based on the fact that it was filed more than 14 days after the Judgment was entered in favor of the Plaintiff and against the Defendant instead it is added to the original Motion for Attorneys Fees that was timely filed pursuant to Fed.R.Civ.P.

54(d)(2)(B)(i) thus the Supplemental Motion for Attorneys Fees was also timely filed.

Plaintiff's counsel was unable to locate any caselaw from the U.S. Court of Appeals for the Tenth Circuit on the issue of Fed.R.Civ.P. 54(d)(2)(B)(iii) requiring the estimating of future Attorneys Fees at the time of the filing of the Initial Motion for Attorneys Fees for the future Attorneys Fees claimed to be timely pursuant to Fed.R.Civ.P. 54(d)(2)(B)(i).

A Federal Appeals Court in an unpublished opinion addressing a Motion for Supplemental Fees stated: "the relevant event for purposes of a motion for supplemental fees is the entry of judgment that required the prevailing party to incur the additional fees. "Judgment" in Rule 54 is defined as "a decree and any order from which an appeal lies." Fed.R.Civ.P. 54(a). Thus, when a party is entitled to additional fees for successfully opposing post-judgment motions, the fee application should be filed within 14 days of entry of denial of those motions, not within 14 days of the initial entry of judgment." Bernback v. Greco, 2007 WL 108293, page 2, (3rd Cir. Jan. 16, 2007).

According to the Bernback case as the Plaintiff's Supplemental Motion for Attorneys Fees was filed on September 14, 2012 and the District Court at that time had not ruled on the Plaintiff's Initial Motion for Attorney's Fees filed in this case the Plaintiff's Supplemental Motion for Attorney's Fees was timely filed.

9

"it would be inconsistent [with the purpose of fee-shifting statutes] to dilute a fee award by refusing to compensate attorneys for the time they reasonably spent in establishing their rightful claim to the fee". <u>Wagner v. Shinseki</u>, 640 F.3d 1255, 1260 (Fed.Cir. 2011).

"Furthermore, although *Hensley* involved an initial fee application, the fee guidelines it provides are applicable to supplemental fee applications as well." <u>Wagner v. Shinseki</u>, 640 F.3d 1255, 1261, Footnote 3 (Fed.Cir. 2011).

The District Court also erred in its Order in adopting the Defendant's argument that the Court had to deny Plaintiff's Supplemental Motion for Attorneys Fees on the grounds that the Plaintiff's Fee Requests would seem to have no end point in sight as the Plaintiff could continually ask for continued work in replying to her own motions and filing new ones. This holding by the Court completely ignores what actually took place in this case in the Plaintiff's initial Motion and Supplemental Motion for Attorneys Fees. On page 5 of Plaintiff's Reply to Defendant's Response to Plaintiff's Supplemental Motion for Attorneys Fees the Plaintiff actually reduces the total amount requested in this case from $4,400.00 to $3,500.00 and does not make any request for any additional attorneys fees as a result of filing the Reply to the Supplemental Motion for Attorneys Fees. Thus the District Court improperly denied Plaintiff's Attorneys Fees expended after the

initial Motion was filed with the Court in support of and in furtherance of the Plaintiff's initial Motion for Attorneys Fees.

The District Court's Order does not state that the Attorneys Fees at issue in this appeal were not reasonable instead it rejects them as not timely made pursuant to Fed.R.Civ.P. 54(d)(2)(B)(i). As the District Court did not find that the Attorneys Fees at issue were not reasonable the FDCPA requires the Plaintiff be awarded her reasonable attorneys fees and costs in this case which include the Plaintiff's Attorneys Fees expended after the initial Motion for Attorneys Fees was filed with the Court in Support of and in furtherance of the initial Motion for Attorneys Fees that were improperly denied by the District Court.

In the FDCPA, Congress provided:

> any debt collector who fails to comply with any provision of this
> subchapter…
> is liable to such person in an amount equal to the sum of [actual damages
> plus statutory damages] and in the case of any successful action to enforce
> the foregoing liability, the costs of the action, together with a reasonable
> attorney's fee as determined by the court.

15 U.S.C. § 1692k(a)(3).

The FDCPA mandates an award of attorney's fees as a means of fulfilling Congress's intent that the FDCPA should be enforced by debtors acting a private attorneys general. See, Graziano v. Harrison, 950 F.2d 107, 113 (3rd Cir. 1991); DeJesus v. Banco Popular de Puerto Rico, 918 F.2d 232, 235 (1st Cir. 1990) (Truth in Lending Act lawsuit).

Recovery of attorneys fees for resolving an attorney's fee request is normally allowed even after the merits of the dispute have been settled. Hernandez v. George, 793 F.2d 264, 269 (10th Cir. 1986).

"It is obviously fair to grant a fee for time spent litigating the fee issue, at least if the fee petitioner is successful and his claim as to a reasonable fee is vindicated, since it is the adversary who made the additional work necessary." Glass v. Pfeffer, 849 F.2d 1261, 1266, footnote 3 (10th Cir. 1988).

**PLAINTIFF IS ENTITLED TO ADDITIONAL ATTORNEYS FEES FOR TIME SPENT ON THIS APPEAL AND FOR HER COSTS AS A RESULT OF THIS APPEAL**

The Plaintiff is entitled to her additional attorneys fees for this appeal and for her costs as a result of this appeal in overturning the portion(s) of the District Court's Order as identified above. Anchondo v. Anderson, Crenshaw & Associates, 616 F.3d 1098, 1107 (10th Cir. 2010). "When appellate fees are independently legally authorized, we have regularly considered requests in appellate briefs sufficient to place the matter before us. Anchondo, 616 F.3d 1098, 1107, Footnote 10. The Plaintiff requests that this Court remand this case to the District Court to determine an appropriate amount for Plaintiff's Attorneys Fees and Costs for this Appeal. Whittington v. Nordam Group Inc., 429 F.3d 986, 1002 (10th Cir. 2005).

**STATEMENT OF COUNSEL AS TO ORAL ARGUMENT**

Oral argument is not requested.

**CONCLUSION**

The District Court's Order denying Plaintiff's Supplemental Motion for Attorneys Fees as to the Plaintiff's Attorneys Fees expended after the Plaintiff's initial Motion for Attorneys Fees was filed with the Court in furtherance of and in support of the initial Motion should be reversed for the reasons stated above and the District Court should be Ordered to award Plaintiff's reasonable Attorneys Fees expended after the Plaintiff's Initial Motion for Attorneys Fees was filed with the Court in furtherance and in support of the Motion and remand this case to the District Court to determine an appropriate amount for Plaintiff's Attorneys Fees and Costs for this Appeal.

Respectfully submitted this 2nd day of July, 2013.

 s/ David M. Larson_____
David M. Larson, Esq.
88 Inverness Circle East, Suite I-101
Englewood, Colorado 80112
Telephone: (303) 799-6895
Attorney for Plaintiff

**Certificate of Compliance**

Section 1. Word Count

As required by Fed.R.App.P. 32(a)(7)(c), I certify that this brief is proportionally spaced and contains __3,202_____ words,

Complete one of the following:

I relied on my word processor to obtain the count and it is Microsoft Word 2011.

I certify that the information on this form is true and correct to the best of my knowledge and belief formed after a reasonable inquiry.

By:        __s/ David M. Larson_____
                David M. Larson


**CERTIFICATE OF DIGITAL SUBMISSION AND PRIVACY REDACTION**

I hereby certify that a copy of the foregoing **APPELLANT'S OPENING BRIEF** as submitted in Digital Form via court's ECF system, is an exact copy of the written document filed with the Clerk and has been scanned for viruses with the AVG Internet Security 8.5.449, and according to the program, is free of viruses. In addition, I certify all required privacy redactions have been made.

By:        __s/ David M. Larson_____
                David M. Larson

**CERTIFICATE OF SERVICE**

I hereby certify that on July 2, 2013, I electronically filed the foregoing APPELLANT'S OPENING BRIEF with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

    Joseph J. Lico, Esq.
    Adam L. Plotkin, Esq.
    Adam L. Plotkin, PC
    621 17th Street, Suite 1800
    Denver, CO 80293
    swienczkowski@alp-pc.com
    aplotkin@alp-pc.com

        ___s/ David M. Larson_____

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 11-cv-02808-CMA-BNB

SONYA KING,

     Plaintiff,

v.

MIDLAND CREDIT MANAGEMENT, INC., a Kansas corporation,

     Defendant.

---

## ORDER DENYING PLAINTIFF'S
## SUPPLEMENTAL MOTION FOR ATTORNEY FEES

---

This matter is before the Court on Plaintiff Sonya King's Supplemental Motion for Attorney Fees. (Doc. # 24.) For the reasons discussed below, the motion is denied.

## I. BACKGROUND

Plaintiff filed a Complaint against Defendant Midland Credit Management, Inc. on October 27, 2011, alleging that Defendant had violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.* (Doc. # 1.) Shortly thereafter, Defendant served Plaintiff with an offer of judgment under Fed. R. Civ. P. 68 (Doc. # 7-1), which Plaintiff accepted and filed with the Court on December 21, 2011 (Doc. # 7). On December 28, 2011, the Court entered judgment against Defendant for $1,001 plus Plaintiff's reasonable attorney fees, costs, and post-judgment interest. (Doc. # 8.)

Significant briefing on fees then ensued, beginning with Plaintiff's January 11, 2012 Motion for Attorney Fees. (Doc. # 11.) In the motion, Plaintiff asked for $3,810 in fees – at $300/hour for 12.7 hours – and, as relevant here, "any additional amounts as

241

determined by the Court."  (*Id.* at 11.)  Defendant responded to the motion on February 1, 2012 (Doc. # 12), and Plaintiff filed a reply on February 16, 2012 (Doc. # 14).  In her reply brief, Plaintiff requested an additional $780 in fees for: reviewing Defendant's response to Plaintiff's motion; drafting a reply to that response, and filing the reply with the Court.  (*Id.* at 10.)  On March 1, 2012, Magistrate Judge Boland recommended that the Court grant Plaintiff's motion, but he did not mention the additional $780 in fees Plaintiff had requested in her reply brief.  (*See* Doc. # 15.)  Defendant objected to the recommendation (Doc. # 16), to which Plaintiff responded (Doc. # 18).  In the response to Defendant's objection, Plaintiff again requested the same $780 in fees for work performed after, but in furtherance of, her January 11, 2012 motion.  (Doc. # 18 at 4.)  Plaintiff did not request any amount for time spent litigating the fees issue after filing her February 16, 2012 reply.  (*See id.*)

On August 20, 2012, the Court modified Judge Boland's recommendation and granted Plaintiff's motion in part, awarding her $2,500 in fees for 10 hours of work performed by her counsel at the rate of $250/hour.  (Doc. # 23 at 6.)  At the end of the order, the Court noted Plaintiff's request for $780 in additional fees but stated, "[u]nder the local rules . . . '[a] motion shall not be included in a response or reply to the original motion' but, rather, 'shall be made in a separate paper.'"  (*Id.* at 6 n.4 (quoting D.C.COLO.LCivR7.1C).)  And, again, briefing ensued.  On August 30, 2012, Plaintiff filed the instant Supplemental Motion for Attorneys [*sic*] Fees.  (Doc. # 24.)  Defendant filed a response on September 20, 2012, to which Plaintiff replied on October 4, 2012 (Doc. # 26).  Both parties also subsequently filed a notice of supplemental authorities

(Doc. ## 27 and 28), as Defendant had done prior to the Court's August 20, 2012 order

(Doc. ## 17 and 22).

## II. DISCUSSION

Plaintiff seeks an additional $1,475 – 5.9 hours at $250/hour – for "work

performed after January 11, 2012, in this case, the date the Plaintiff's Motion for

Attorney's Fees was filed with the Court."  (Doc. # 24 at 2.)  The 5.9 hours listed include

the time underlying Plaintiff's earlier request for $780 in fees.  (*Compare* Doc. # 14

at 10, *with* Doc. # 24 at 3.)

As a general matter, "[r]ecovery of fees for resolving an attorney's fee request

is normally allowed even after the merits of the dispute have been settled."  *Segura v.

Midland Credit Mgmt.*, No. 12-cv-00830, 2013 WL 560702, at *4 (D. Colo. Feb. 14,

2013) (unpublished).  The Tenth Circuit has explained that "[i]t is obviously fair to grant

a fee for time spent litigating the fee issue, at least if the fee petitioner is successful and

his claim as to a reasonable fee is vindicated, since it is the adversary who made the

additional work necessary."  *Glass v. Pfeffer*, 849 F.2d 1261, 1266 n.3 (10th Cir. 1988)

(quotation marks and citation omitted).

However, unless subject to certain exceptions that are inapplicable here, a

motion for attorney fees "must . . . be filed no later than 14 days after the entry of

judgment."  Fed. R. Civ. P. 54(d)(2)(B)(i).  Even though Plaintiff's initial motion was

timely, she filed the instant motion well after the 14-day limit in Rule 54.  As such, the

motion is untimely.  Judge Babcock recently dealt with the precise issue presented here

and reached the same conclusion.  *See Miracle Gash v. Client Servs., Inc.*, No. 12-cv-

01426, 2013 WL 1130717, at *4-5 (D. Colo. Mar. 18, 2013) (unpublished).[1]  In finding

Plaintiff's supplemental motion for attorney fees untimely, Judge Babcock explained,

"while courts have allowed untimely supplemental motions seeking attorney fees in

certain circumstances – such as when the local rules allow them or following the

successful opposition of an appeal . . . the circumstances of this case do not lend

toward allowing such motion."  *Id.* at *4.  Likewise, here, the circumstances of the case

do not favor granting Plaintiff's request.

Contrary to Plaintiff's argument – that she "could not have filed the Supplemental

Motion within that timeframe [*i.e.*, within 14 days of the entry of judgment] as the

attorney fees sought in the Supplemental Motion had not been expended at that time"

(Doc. # 26 at 2) – Plaintiff could have complied with Rule 54 in her January 11, 2012

motion by giving a "fair estimate" of the amount of fees she would expend in litigating

the fees issue.  *See Miracle Gash*, 2013 WL 1130717, at *4 ("If Plaintiff wished to seek

fees for the time spent responding to the reply in her initial motion, Rule 54 provides

such a mechanism by allowing a party to provide a 'fair estimate' for the amount of fees

sought." (quoting Fed. R. Civ. P. 54(d)(2)(B)(iii))).  Although Plaintiff's motion requested

"any additional amounts as determined by the Court" (Doc. # 11 at 11), this language is

insufficient as it specifies neither the impetus for, nor any calculation of, such "additional

amounts."  Parties are clearly capable of foreseeing the need to defend fee motions, as

---

[1]   The Court notes that, in addition to the supplemental attorney fees issue in *Miracle Gash*
being on all fours with the one presented in the instant motion, the parties in *Miracle Gash*
were represented by the same firms representing the parties here.  Thus, the Court discerns no
reasonable excuse for why the parties, especially Defendant (for whom Judge Babcock found
on the supplemental fees question), failed to bring *Miracle Gash* to the Court's attention,
particularly in light of their apparent eagerness to file notices of supplemental authorities.

evidenced by the language Plaintiff used in the instant motion.  (*See* Doc. # 24 at 10

(requesting relief from the Court including "any attorney's fees expended by Plaintiff

in reviewing the Defendant's response to this Motion, if any, and to Reply to the

Defendant's Response, if any ").)  They are also often capable of estimating the

expense of doing so especially where, as here, their attorneys have handled an

extremely high number of remarkably similar cases.  (*See, e.g.*, *id.* at 8 ("Plaintiff's

counsel has successfully resolved / litigated over 1,600 FDCPA cases on behalf of

Plaintiffs in the U.S. District Court for the District of Colorado.").)  Essentially, the "any

additional amounts as determined by the Court" language is mere boilerplate, as

even Plaintiff appears to acknowledge.  (*See id.* at 10 (including such language

notwithstanding the above-quoted request for fees likely to be incurred in defending

the instant motion).)

　　　　To be sure, as previously indicated, compensation for successfully litigating an

attorney fees issue is generally appropriate and likely would have been here.  However,

lest the Court tumble down the rabbit hole every time it grants fees, a prevailing FDCPA

plaintiff who desires compensation for litigating attorney fees should include a request

for, and "fair estimate" of, such fees in her initial motion.  *See Miracle Gash*, 2013 WL

1130717, at *4 (noting agreement with the defendant that the plaintiff's request "would

seem to have no end point as [plaintiff] could, in theory, continually ask for continued

work in replying to her own motions, and then in filing new ones").  Because Plaintiff

did not do so here and otherwise failed to timely file a supplemental motion for fees, the instant motion is untimely under Rule 54.[2]

## III. **CONCLUSION**

For the foregoing reasons, Plaintiff's Supplemental Motion for Attorney Fees (Doc. # 24) is DENIED.

DATED:  May   21  , 2013

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Court Judge

---

[2]   Plaintiff insists that she timely filed her supplemental motion because she did so within 14 days of the Court's August 20, 2012 order.  (Doc. # 26 at 3.)  In support of this argument, Plaintiff cites *Bernback v. Greco*, Nos. 05-4642, 05-4643, 2007 WL 108293, at *2 (3d Cir. Jan. 16, 2007) (unpublished), for the proposition that "the relevant event for purposes of a motion for supplemental fees is the entry of the judgment that required the prevailing party to incur the additional fees."  (Doc. # 26 at 2-3.)  Although "judgment" under Rule 54 means "any order from which an appeal lies," Fed. R. Civ. P. 54(a), the judgment that required Plaintiff to incur additional fees in the instant case was the December 28, 2011 judgment, which provided for "an additional amount for Plaintiff's reasonable attorney fees . . . in connection with the claims alleged in the herein matter."  (Doc. # 8 at 1.)  As opposed to the movant in *Bernback*, who successfully opposed an appeal (that required him to incur additional fees), Plaintiff in the instant case requested fees, which were based on the underlying litigation and the terms of Defendant's offer of judgment.