Case No. 13-1225

IN THE UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT

SONYA KING,                                          )
                                                     )
     Plaintiff-Appellant,                          )
                                                     )
v.                                                   )
                                                     )
MIDLAND CREDIT MANAGEMENT INC.,                      )
a Missouri corporation,                              )
                                                     )
     Defendant-Appellee.                           )

---

## APPELLEE'S ANSWER BRIEF

---

On Appeal from the United States District Court for the District of Colorado
The Honorable Christine Arguello
Case No. 1:11-cv-02808-CMA-BNB

---

**<u>Oral Argument IS NOT requested by Appellee</u>**

Respectfully Submitted,

ADAM L. PLOTKIN, P.C.

By:    s/ Joseph J. Lico
**Joseph J. Lico, No. 29944**
621 17th Street, Ste. 1800
Denver, CO 80293
Phone: (303) 296-3566
E-mail: jlico@alp-pc.com

i

## CORPORATE DISCLOSURE STATEMENT

Appellee, Midland Credit Management, Inc., is a wholly-owned subsidiary of Encore Capital Group, Incorporated.

# TABLE OF CONTENTS

CORPORATE DISCLOSURE STATEMENT………………………………………ii

TABLE OF AUTHORITIES……………………………………………………….v

PRIOR OR RELATED APPEALS……………………………………………viii

JURISDICTIONAL STATEMENT……………………………………………..1

ISSUE PRESENTED FOR REVIEW…………………………………………...2

STATEMENT OF THE CASE………………………………………………….3

STATEMENT OF FACTS……………………………………………………….3

SUMMARY OF THE ARGUMENT……………………………………………7

ARGUMENT………………………………………………………………………8

    A.    King Relinquished Any Right to Supplemental Fees by Not
Objecting to the Magistrate Judge's Recommendation …..................8

    B.    The District Court Appropriately Denied Plaintiff's Supplemental
Motion for Fees as Untimely…………………………………………9

    C.    The FDCPA Allows for "Reasonable," not Perpetual, Fees………..12

    D.    King Could have Provided the District Court with a Reasonable
Estimate of Fees..……………………………………………………18

    E.    King is not Entitled to Additional Fees…………………………..21

CONCLUSION………………………………………………..………………21

STATEMENT REGARDING ORAL ARGUMENT……………..……….........21

CERTIFICATE OF COMPLIANCE ...……………………………………...22

CERTIFICATE OF DIGITAL SUBMISSION……………………………………...22

CERTIFICATE OF SERVICE………………………………………………….…...23

# TABLE OF AUTHORITIES

## Cases

Beard v. Teska,
    31 F.3d 942, 955 (10th Cir. 1994)........................................2

Bernback v. Greco,
    2007 U.S. App. LEXIS 956 (3rd Cir. Jan. 16. 2007) ..........................10

Blum v. Stenson,
    465 U.S. 886, 897 (1984) ....................................................12

Brimer v. Life Ins. Co. of North America,
    462 Fed. Appx. 804 (10th Cir. Feb. 12, 2012) ......................................19

Cummins v. Campbell,
    44 F.3d 847, 855 (10th Cir. 1994)........................................15

Federal Home Loan Mortgage Corp. v. Lamar,
    503 F.3d 504, 513 (6th Cir. 2007)........................................13

Gash v. Client Services, Inc.,
    2013 U.S. Dist. LEXIS 36892 (D. Colo. March 18, 2013)................11

Glass v. Pfeffer,
    849 F.2d 1261, 1266 n.3 (10th Cir. 1988)........................................15

Hensley v. Eckerhart,
    461 U.S. 424, 437, 76 L. Ed. 2d 40, 103 S. Ct. 1933 (1983)...............2

Hernandez v. George,
    793 F.2d 264, 269 (10th Cir. 1986)........................................14

Iqbal v. Golf Course Superintendents Ass'n of Am.,
    900 F.2d 227, 229-30 (10th Cir. 1990) ..................................14

Makin v. Colorado Dept. of Corrections,
    183 F.3d 1205, 1210 (10th Cir. 1999)....................................9

Mallony v. Monahan,
    73 F. 3d 1012, 1017, 1047 (10th Cir. 1996)............................2

Mares v. Credit Bureau of Raton,
    801 F.2d 1197 (10th Cir. 1986).............................................................14

Murphy v. Equifax Check Servs., Inc.,
    35 F. Supp.2d 200, 204 (D. Conn. 1999) .............................................13

Prandini v. National Tea Co.,
    585 F.2d 47, 54, n. 8 (3rd Cir. 1978)....................................................15

Quigley v. Rosenthal,
    427 F.3d 1232, 1237 (10th Cir. 2005)....................................................2

Sanders v. Jackson,
    209 F.3d 998, 1004 (7th Cir. 2000).....................................................13

Sinajini v. Bd. of Educ.,
    53 Fed. Appx. 31 (10th Cir. 2002) ......................................................14

Talley v. Hesse,
    91 F.3d 1411, 1412-13 (10th Cir. 1996) ................................................9

Thomas v. Arn,
    474 U.S. 140, 147-48 (1985).................................................................8

White v. Cavalry Portfolio Services, LLC,
    2012 U.S. Dist. LEXIS 35601 (D. Colo. Mar. 16, 2012)....................19

Zuchel v. City and County of Denver,
    997 F.2d 730, 745-46 (10th Cir. 1993) ..................................................2

## **Statutes**

Fair Debt Collections Practices Act, 15 U.S.C. §1692, *et seq*................... *passim*

15 U.S.C. § 1692k(d) ...............................................................................1

15 U.S.C. § 1693k(a)(3)......................................................................... 12

28 U.S.C. § 1331 .....................................................................................1

28 U.S.C. §1291 .......................................................................................1

## **Court Rules**

D.C.COLO.LCIVR 7.1C ........................................................................5

Fed.R.App.P. 32(a)(7)(c) ................................................................22

Fed.R.App.P. 4(a)(4)(v) ...................................................................1

Fed.R.Civ.P. 54(a)..........................................................................10

Fed.R.Civ.P. 54(d)(2)(A)-(B)(iii) ....................................................9

Fed.R.Civ.P. 54(d)(2)(B)(i) ...........................................3, 7-9, 13, 16-19

Fed.R.Civ.P. 54(d)(2)(B)(iii) ........................................................ 18, 21

Fed.R.Civ.P. 68 ............................................................................3, 4

Fed.R.Civ.P. 72(a).........................................................................8

Fed.R.Civ.P. 72(b) .......................................................................8

Fed.R.Civ.P. 72(b)(2)....................................................................5

## PRIOR OR RELATED APPEALS

There are no prior or related appeals.  Although the case involves different parties, Midland Credit Management would note that there is currently an appeal before this Court involving similar issues as the instant case.  That case is: <u>Gash v. Client Services, Inc.</u>, *Case No. 13-1138.*

## JURISDICTIONAL STATEMENT

**Basis for District Court's Subject Matter Jurisdiction:**

Appellant Sonya King ("King") filed a Complaint in the United States District Court for the District of Colorado on October 27, 2011. (Aplt. App. 005-016)[1]. King's Complaint contained numerous alleged violations of the Fair Debt Collections Practices Act, 15 U.S.C. §1692, *et. seq.* (the "FDCPA") allegedly committed by Appellee Midland Credit Management, Inc. ("Midland"). (Id.). Accordingly, jurisdiction in the District Court was proper pursuant to 15 U.S.C. § 1692k(d), invoking federal question jurisdiction pursuant to 28 U.S.C. § 1331.

**Basis for Appellate Court Jurisdiction:**

King appeals the District Court's Order dated May 21, 2013, denying her Supplemental Motion for Attorney's Fees. This Court has jurisdiction over appeals from final decisions of the United States District Courts pursuant to 28 U.S.C. §1291.

**Timeliness of the Appeal:**

King appealed the District Court's Order denying her Supplemental Motion for Attorney's Fees dated May 21, 2013. (Aplt. App. 004, Doc. No. 30). Accordingly, King's appeal is timely pursuant to Fed.R.App.P. 4(a)(4)(v).

---

[1] All references made to the Appellant's Appendix will be abbreviated as "Aplt. App."

# ISSUES PRESENTED FOR REVIEW AND STANDARDS OF REVIEW

### A. *Issue:*

Whether the District Court erred when it denied King's Supplemental Motion for Attorney's Fees.

### B. *Standard of Review:*

The standard of review with respect to this issue is abuse of discretion. Quigley v. Rosenthal, 427 F.3d 1232, 1237 (10th Cir. 2005)("We review for abuse of discretion a district court's decision whether or not to consider … an untimely [Rule 54(d)(2)] motion."). A district court's award of attorneys' fees is reviewed for clear abuse of discretion. Mallony v. Monahan, 73 F. 3d 1012, 1017 (10th Cir. 1996)(citing Zuchel v. City and County of Denver, 997 F.2d 730, 745-46 (10th Cir. 1993)). The district court should provide "… a clear explanation of its reason for the fee award." Mallony, 73 F.3d at 1017 (quoting Hensley v. Eckerhart, 461 U.S. 424, 437, 76 L. Ed. 2d 40, 103 S. Ct. 1933 (1983)). Any statutory interpretation or legal analysis forming the basis of a fee award is reviewed *de novo.* Mallony v. Monahan, 73 F. 3d at 1047. (citing Beard v. Teska, 31 F.3d 942, 955 (10th Cir. 1994)).

## STATEMENT OF THE CASE

King appeals the District Court's Order denying King's "Supplemental Motion for Attorney Fees" (hereinafter "Supplemental Motion for Fees"), following her acceptance of an Offer of Judgment tendered by Midland pursuant to Fed.R.Civ.P. 68. (hereinafter the "Order," attached to *Opening Brief* and Aplt. App. 241-246). Specifically, King appeals the portion of the Order wherein the District Court declined to accept the fees claimed by King in her Supplemental Motion for Fees, because it was filed more than fourteen (14) days after the judgment was entered against Midland.[2]  See, *Order,* at Aplt. App. 243-244. In the Order, while recognizing that some circumstances may warrant allowing a supplemental motion for fees beyond the 14-day limit set forth in Fed.R.Civ.P. 54(d)(2)(B)(i), the District Court declined to accept King's request for additional fees.

## STATEMENT OF FACTS

The relevant facts for purposes of this appeal are not complex. King filed her Complaint on October 27, 2011. (Aplt. App. 005-016). In the Complaint,

---

[2] King makes various references in her Opening Brief that seem to imply that she is also appealing the portion of the Order relating to the denial of total fee amount requested in the original motion for fees. However, King provides no argument with respect to the District Court's decision to reduce King's fees separate and apart from the denial of the fees requested in her supplemental motion. As such, this Court should deem any argument regarding the reduction of the original

King alleged that Midland violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA"). (Id.).  Less than two (2) weeks after Midland filed its Answer, Midland served an Offer of Judgment pursuant to Fed.R.Civ.P. 68.  ("Offer of Judgment"), in the amount of $1,001 plus reasonable costs and attorney's fees.  (Aplt. App. 35-37).  King waited until the fifteenth day after service of the Offer of Judgment to accept it.  (Aplt. App. 33-34).  The Clerk entered Judgment against Midland on December 28, 2011.  (Aplt. App. 38-39).  The parties stipulated to the costs in this case ($420.00), and after being unable to informally resolve the issue of attorneys' fees, King filed her "Motion for Attorneys [sic] Fees" on January 11, 2012.  (Aplt. App. 40-56)(hereinafter King's "Motion for Fees").  In her Motion for Fees, King requested that she be awarded $3,810.00 in attorneys' fees.  (Aplt. App. 50). Midland filed its Response to King's Motion for Fees on February 1, 2012 (Midland' "Response"), and argued that King's fees should be no more than $1,000.00.  (Aplt. App. 57-100).  King filed an untimely[3] "Reply to Defendant's Response to Plaintiff's Motion for Attorney's Fees" (King's "Reply") on February 16, 2012, without seeking leave from the District Court to file late.  (Aplt. App. 101-115).  In the Reply, King requested an additional $780.00 be added to the amount she originally requested in her Motion,

---

motion for fees as waived. See, Fuerschback v. Southwest Airlines Co., 439 F.3d 1197, 1209-10 (10th Cir. 2006).

for time King claimed to have spent reviewing Midland's Response and drafting the Reply. (Aplt. App. 110).

On March 1, 2012, Magistrate Judge Boland issued a Recommendation of United States Magistrate Judge ("Recommendation") that Plaintiff be awarded the full amount requested of $3810.00 and approved a rate for King's counsel of $300 per hour. (Aplt. App. 116-121). Magistrate Judge Boland did not recommend Plaintiff be awarded any fees for the review of Midland's Response and the drafting of the Reply. (Aplt. App. 116-121).

Two weeks later, on March 15, 2012, Midland filed Defendant's Objections to the Recommendation of United States Magistrate Judge ("Objections") pursuant to Fed.R.Civ.P. 72(b)(2). (Docket No. 16[4]). Midland argued the Magistrate Judge was inconsistent with what other District Court Judges have awarded in this district and sought *de novo* review from Judge Arguello as to King's counsel's hourly rate and amount awarded. (Id.). King filed her Response to Midland's Objections on March 28, 2012. (Aplt. App. 129-153). In her Response to Midland's Objections, King again requested the $780.00 for time spent reviewing Midland's Response and drafting her Reply. (Aplt. App. 132). King did not seek additional fees at that

---

[3] King filed her Reply fifteen (15) days after Midland filed its Response instead of the required fourteen (14) days pursuant to D.C.COLO.LCIVR 7.1C.
[4] King provided the document associated with Docket No. 17 which was a Notice of Supplemental Authorities in her Appendix. Midland inadvertently titled the document incorrectly likely leading to the confusion.

time.  (Aplt. App. 129-153).  Midland sought and received permission to file a Reply to its Objections, which it did on March 5, 2012.  (Aplt. App. 154-174).

On August 20, 2012, the District Court issued an Order modifying the Recommendation and reduced the award of attorneys' fees to $2500.00 and set King's counsel's appropriate hourly rate to $250.00 per hour from the $300.00 per hour recommended.  (Aplt. App. 181-187).

Two weeks later, on August 30, 2012, King filed her Supplemental Motion for Fees (Aplt. App. 188-212).  The fees requested by King included $600.00 (albeit modified to reflect the proper rate and reductions for clerical time) she requested in her Reply for preparing the Reply, in addition to time relating to the Supplemental Motion for Fees.  (Aplt. App. 190).  The total amount requested in the Supplemental Motion for Fees was $1475.00 (reflecting an additional 3.5 hours of time).  (Id. at 192; 197).  Midland filed its Response to King's Supplemental Motion for Fees on September 20, 2012.  (Aplt. App. 213-219).  King filed a "Reply to Defendant's Response to the Plaintiff's Supplemental Motion for Attorney's Fees" (King's "Reply in Support of Supplemental Motion for Fees") on October 5, 2012.  (Aplt. App. 220-225).

The District Court addressed the Supplemental Motion for Fees in its Order dated May 21, 2013.  (Attachment to *Opening Brief* and Aplt. App. 241-246).  The District Court found that King's Supplemental Motion for Fees (which was filed

246 days after the Clerk entered Judgment pursuant to the accepted Offer of Judgment), to be untimely under Rule 54(d)(2)(B)(i) (Id., 243-245). The District Court noted that this case was nearly identical to Gash v. Client Services, Inc., 12-cv-04126, and there the District Court determined while some circumstances may warrant an extension of the 14-day deadline under the rule (such as when local rules provide for an extended period of time or when the moving party successfully defends an appeal), the court found, in its discretion, that the circumstances in this case do not so warrant an extension. (Aplt. App. 243-244).

King appealed the District Court's Order on May 23, 2013. (Aplt. App. 004, Doc. No. 30).

## SUMMARY OF THE ARGUMENT

The District Court appropriately found that King's Supplemental Motion for Fees was untimely under Fed.R.Civ.P. 54(d)(2)(B)(i). Rule 54(d)(2)(B) appropriately vests the district courts with the discretion to accept requests for fees beyond the 14-day deadline. While the District Court recognized that some circumstances may warrant extending the 14-day deadline set forth in that Rule, it did not abuse its discretion in determining that such circumstances did not exist in this case.

The rule that King appears to advocate is a per se allowance of *all* requests for fees beyond the 14-day deadline, so long as such requests relate to efforts to

7

obtain the results sought in an original fee petition.  If this Court were to adopt

such a rule, it would result in the perpetual request for fees on top of fees unless a

FDCPA defendant acquiesces to the entire amount a plaintiff seeks in the initial

request for fees, even if such fees are unreasonable and are ultimately reduced by

the court, such as occurred in this case.  Such a carte blanche rule would

effectively eviscerate Rule 54(d)(2)(B)(i)'s 14-day deadline as well as the Rule's

discretionary mechanism for allowing belatedly-filed requests in appropriate cases,

such as when an original request for fees had been "vindicated."  King's proposal

would also run afoul of the FDCPA's allowance of only "reasonable" fees.

Accordingly, the District Court's Order should be affirmed in its entirety.

## ARGUMENT

### A.    King Relinquished Any Right to Supplemental Fees by Not Objecting to the Magistrate Judge's Recommendation.

The Recommendation issued by Magistrate Judge Boland suggested King be

awarded $3810.00 for attorneys' fees.  (Aplt. App. 116-121).  Magistrate Judge

Boland did not recommend King be awarded any fees for the review of Midland's

Response and King's drafting of the Reply.  (Aplt. App. 116-121).

Pursuant to Fed.R.Civ.P. 72(a), a party is given 14 days to serve and file

objections.  A party's failure to serve and file specific, written objections waives

*de novo* review of the recommendation by the district judge, Fed.R.Civ.P. 72(b);

Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of

both factual and legal questions. <u>See, Makin v. Colorado Dept. of Corrections</u>, 183 F.3d 1205, 1210 (10th Cir. 1999); <u>Talley v. Hesse</u>, 91 F.3d 1411, 1412-13 (10th Cir. 1996). King failed to object to any aspect of the Recommendation. As such, King's Supplemental Motion for Attorneys' Fees as it relates to fees for reviewing Midland's Response and drafting of her Reply should be denied as waived.

**B.    The District Court Appropriately Denied Plaintiff's Supplemental Motion for Fees as Untimely.**

The District Court found that King's Supplemental Motion for Fees was untimely pursuant to Fed.R.Civ.P. 54(d)(2)(B)(i). (Aplt. App. 243-245). Rule 54(d)(2) states, in pertinent part:

> (2) *Attorney's Fees.*
>      (A) Claim to Be by Motion. A claim for attorney's fees and related nontaxable expenses must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages.
>      (B) Timing and Contents of the Motion. Unless a statute or a court order provides otherwise, the motion must:
>           (i) be filed no later than 14 days after the entry of judgment;
>           (ii) specify the judgment and the statute, rule, or other grounds entitling the movant to the award;
>           (iii) state the amount sought or provide a fair estimate of it….

Fed.R.Civ.P. 54(d)(2)(A)-(B)(iii).

In her Opening Brief, King does not cite any controlling authority which would alter the 14-day deadline set forth in Rule 54(d)(2)(B)(i). Instead, King

relies primarily upon the Third Circuit's unpublished opinion in <u>Bernback v. Greco</u>, 2007 U.S. App. LEXIS 956 (3rd Cir. Jan. 16. 2007)(<u>See</u>, *Opening Brief*, pp. 9-10).  The <u>Bernback</u> decision is neither controlling nor persuasive.

In <u>Bernback</u>, after several years of litigation and appeals, the plaintiff was ultimately awarded attorneys' fees pursuant to a fee-shifting clause in the contract at issue.  <u>Id</u>., at *2.  Following an appeal of the verdict as to the initial fee award, the plaintiff moved the district court for post-judgment interest and a supplemental fee award relating to the appeal.  <u>Id</u>., at *2.  The district court awarded post-judgment interest, and calculated the interest from the date they were quantified, rather that accruing from the jury verdict, as argued by the plaintiff.  <u>Id</u>.  The Third Circuit affirmed the appeal from the plaintiff regarding the interest issue.  <u>Id</u>.  Later, the district court quantified the supplemental fee request.  <u>Id</u>., at *4.  On the third appeal in the case, the Third Circuit took up the issue as to whether the plaintiff's motion for supplemental fees was timely.  The Third Circuit rejected the defendant's argument that the supplemental motion was untimely because it was filed more than 14 days after the initial entry of judgment on the jury verdict.  The Third Circuit determined that:

> ….the relevant event for purposes of a motion for supplemental fees is the entry of the judgment that required the prevailing party to incur the additional fees.  "Judgment" in Rule 54 is defined as "a decree and any order from which an appeal lies."  Fed.R.Civ.P. 54(a).  Thus, **when a party is entitled to additional fees for successfully opposing post-**

> **judgment motions**, the fee application should be filed within 14 days of the entry of denial of those motions, not within 14 days of the initial entry of judgment." Following this logic, **when a party is entitled to additional fees for successfully opposing an appeal, the relevant date is the date on which the appellate court enters judgment affirming the district court."**

Id., at 6-7. (emphasis added).

Therefore, the Bernback court found a rather limited exception to the presumptive 14-day deadline when a party successfully opposes post-judgment motions and appeals. That is not the case here, as King is seeking an exception for belatedly-requested fees all stemming from a single judgment. Midland did not file any post-judgment request for fees, it simply responded to King's request for fees relating to the acceptance of the Rule 68 Offer of Judgment.

Rule 54(d)(2)(B) provides a district court the discretion to extend the 14-day deadline-"….[u]nless provided by statute *or order of the court*…" (emphasis added). In its Order, the District Court acknowledged that some courts, such as the court in Bernback, created exceptions to the 14-day deadline set forth in Rule 54(d)(2)(B)(i) when there is a successful opposition to an appeal. (Aplt. App. 244). However, the District Court appropriately acknowledged the decision in Gash v. Client Services, Inc., 2013 U.S. Dist. LEXIS 36892 (D. Colo. March 18, 2013) where the District Court concluded that "….the circumstances of this case do not lend toward allowing such motion." (Id.). Therefore, while the District

11

Court recognized that it could in its discretion accept a request for fees beyond the 14-day deadline, it declined to do so.

Because Rule 54(d)(2)(B) confers the district courts the discretion to accept belatedly-filed requests for fees, Midland submits that the district court judges are appropriately in the best position to evaluate whether the circumstances of a given case warrant consideration of extending the presumptive 14-day deadline to request fees. In this case, it was not an abuse of discretion for the District Court to decline to accept the additional request for fees as the circumstances simply did not warrant an extension (and none was requested). For example, there were no post-judgment motions or appeals to which King was forced to respond. Instead, King via her Supplemental Motion for Fees, was requesting that the District Court again consider additional time related to a rather straightforward reply that was not granted by the Magistrate Judge and not objected to by Plaintiff, and which was filed over eight months after the original Motion for Fees. Likewise, Plaintiff was seeking additional time for her preparation of a Response

## C.     The FDCPA Allows for "Reasonable," not Perpetual, Fees.

A reasonable fee is one that adequately compensates counsel without producing a windfall for the attorneys. <u>Blum v. Stenson</u>, 465 U.S. 886, 897 (1984). The FDCPA's fee-shifting provision is set forth contained in 15 U.S.C. § 1693k(a)(3). The purpose behind the fee-shifting statute is "…to encourage able

counsel to undertake FDCPA cases." <u>Murphy v. Equifax Check Servs., Inc.</u>, 35 F. Supp.2d 200, 204 (D. Conn. 1999). The FDCPA, "…was not intended to create a cottage industry for the production of attorney's fees." <u>Id</u>. However, this is precisely what has occurred. <u>See</u>, <u>Federal Home Loan Mortgage Corp. v. Lamar</u>, 503 F.3d 504, 513 (6th Cir. 2007); <u>Sanders v. Jackson</u>, 209 F.3d 998, 1004 (7th Cir. 2000). Indeed, there is no shortage of lawsuits filed under the FDCPA, as just under 11,500 FDCPA lawsuits were filed in 2012.[5] Notably, King's counsel is one of the most prolific filers of FDCPA lawsuits in the country. According to PACER, King's counsel filed 350 lawsuits under the FDCPA in 2012 alone.

Midland fully acknowledges that King's counsel is entitled to his reasonable attorney's fees in the cases where judgment is obtained. However, given the high volume of cases filed in Colorado, the Colorado district court judges and magistrate judges are in the unique position of being able to determine which cases warrant additional fees incurred after the 14-day deadline set forth in Rule 54(d)(2)(B)(i). The district courts are also in the unique position of being able to determine the "reasonableness" of a given fee request based upon their extensive experience in presiding over FDCPA cases. Indeed, the District Court in this case noted its familiarity with King's counsel and his billing practices, which aided the

---

[5] Source: WebRecon, LLC, an organization which compiles data about consumer lawsuits. https://www.webrecon.com/b/fdcpa-case-statistics/for-immediate-release-fdcpa-and-other-consumer-lawsuit-statistics-dec-16-31-year-end-review-2012.

court in determining that reductions in the amount claimed by King's counsel were warranted.  (Aplt. App. 245).

Midland also recognizes that this Court has held that a party may recover fees for their work in trying to resolve the attorneys' fee issue.  See e.g., Hernandez v. George, 793 F.2d 264, 269 (10th Cir. 1986)(citations omitted).  However, as explained by this Court in Sinajini v. Bd. of Educ., 53 Fed. Appx. 31 (10th Cir. 2002)(unpublished), this is not an absolute rule:

> Our circuit's approach to such awards has varied from clear hostility to a presumption that they are generally available. After examining numerous cases, we have found that there is, and should be, no hard-and-fast rule on this question. Rather, "the issue must be resolved on a case-by-case basis."

Id., at *38-39 (quoting Iqbal v. Golf Course Superintendents Ass'n of Am., 900 F.2d 227, 229-30 (10th Cir. 1990)).  The Sinajini court also referred to this Court's decision in Mares v. Credit Bureau of Raton, 801 F.2d 1197 (10th Cir. 1986), which stated:

> … the general rule is that at least some compensation is generally allowable for work reasonably expended on the fee application… although hours not spent representing the client are at best on the borderline of what Congress intended to be compensable. **There is a difference, however, between time necessary to prepare and submit an application for fees, and hours spent disputing a fee award. The latter are especially suspect, and may be disallowed in their entirety. The district court has great leeway in this regard, and "only in extraordinary circumstances will we disturb a district judge's exercise of his discretion in awarding or denying fees for establishing fees."**

14

Id., at 1206 (emphasis added)(citations omitted). This Court has also appeared to acknowledge that additional fees relating to the establishment of the fee amount may be limited to circumstances where "…'fee petitioner is successful and his claim as to a reasonable fee is vindicated…'" Glass v. Pfeffer, 849 F.2d 1261, 1266 n.3 (10th Cir. 1988)(quoting Prandini v. National Tea Co., 585 F.2d 47, 54, n. 8 (3rd Cir. 1978)); See also, Cummins v. Campbell, 44 F.3d 847, 855 (10th Cir. 1994) (noting that "… the award of fees for the preparation of the fee application is not without limits," and finding while an attorney is generally allowed to recover fees for work in seeking attorney fees, a district court has discretion to deny award for those hours when the underlying claim for fees is determined to be unreasonable).

In this case, it is clear that King's claim for fees was not "vindicated." In her Motion for Fees, King sought $3,810.00 in fees. (Aplt. App. 50). The District Court awarded King *far less* than she requested by awarding her $2,500.00 in attorneys' fees and reduced her counsel's hourly rate. (Aplt. App. 181-187). Therefore, while King continued to litigate her Motion for Fees after it was filed (by filing her Reply, Response to Objections to Recommendations of Magistrate Judge, and Supplemental Motion for Fees), because she was unsuccessful in convincing the court to award her over one-third of the amount of fees requested, she does not fall within the exception of awarding fees for successfully

"vindicating" her original request for fees. In fact, the District Court agreed with the undersigned in essentially every argument.

King additionally argues that her Supplemental Motion for Fees was in fact timely because it was not a "new" motion at all, but rather should be deemed as simply adding to her original Motion for Fees. (*Opening Brief,* p. 8). This argument in fact undermines King's position with respect to her argument that her Supplemental Motion for Fees falls within the types of exceptions discussed in <u>Bernback v. Greco</u>, *supra,* (relating to fees for post-judgment motions and appeals). By King's own admission then, the Supplemental Motion for Fees purports to "add" to a request for fees related to a single judgment entered over 14-days prior to when the "additional" request is made. This renders the request as untimely under Rule 54(d)(2)(B)(i).

Moreover, applying King's logic, one can simply label a request as a "supplemental" request for fees, even when, as in this case, the fees requested clearly relate to fees claimed to have been incurred after the original request for fees. The District Court appropriately accepted the argument made by Midland in its Response that allowing "supplemental" motions could be extended indefinitely, stating "… lest the Court tumble down the rabbit hole every time it grants fees, a prevailing FDCPA plaintiff who desires compensation for litigating attorney fees should include a request for, and 'fair estimate' of, such fees in her initial motion."

(Aplt. App. 245).  King argues that this is not a valid concern because, in this case, she apparently decided to abandon the request for additional fees in her Reply in Support of Supplemental Motion for Fees (*Opening Brief*, p. 10).  King states "Plaintiff actually reduces the total amount requested in this case from $4,400.00 to $3500.00 and does not make any request for additional attorneys [sic] fees as a result of filing the Reply to the Supplemental Motion for Attorneys [sic] Fees." (*Opening Brief*, p. 10).  However, this is completely untrue.  In her Reply to Defendant's Response to Supplemental Fees, King never reduces her fees and does request additional fees.  (Aplt. App. 224).

King further misses the point.  What King appears to be arguing for in this appeal is a holding that, once a defendant chooses not to pay the initial demand for fees (irrespective of the "reasonableness" of the requested amount), a plaintiff is entitled to every single hour spent chasing after those fees, notwithstanding Rule 54(d)(2)(B)(i)'s deadline.  King's position is that as long as it is couched as a "supplemental" motion, additional fees may be requested over and over again (irrespective of the presumptive deadline) until every dollar the plaintiff seeks to recover is recovered.  This proposal would lead to endless litigation over fees and an inappropriate windfall for the attorneys, especially in cases such as the case at bar where the plaintiff's original request for fees is never "vindicated" (i.e.

reduced). An FDCPA plaintiff should not be afforded the opportunity to amass attorneys' fees in perpetuity.

King's proposal would also unnecessarily clog the district courts with endless motions seeking fees on top of fees. As noted above, this is not to say that there are no circumstances under which a fee request beyond the 14-day deadline should be accepted. The appropriate balance that is needed already exists in that Rule 54(d)(2)(B)(i) creates a hard deadline for fees, but also allows the district courts the ability to accept requests for fees outside the 14-day period *in appropriate circumstances*.

### D. King Could have Provided the District Court with a Reasonable Estimate of Fees.

In denying King's Supplemental Motion for Fees, the District Court, in addition to acknowledging that *some* circumstance (not present in this case) may warrant the extension of the 14-day deadline, suggested that King could have requested an estimate of time for preparing her Reply pursuant to Fed.R.Civ.P. 54(d)(2)(B)(iii). (Aplt. App. 244). King argues against the District Court's suggestion because, given the purported uncertainty as to what would need to be argued in a reply brief, it would be "… impossible for Plaintiff's counsel to estimate the future fees that would be expended in the future at the time of the filing of her Motion for Attorneys [sic] Fees …" (*Opening Brief*, p. 6). King also argues that the District Court judge created a "moving target" in her rulings in that

the District Court previously rejected one of King's counsel's requests for additional fees in a separate matter, which in that case King's counsel requested the additional fees in the reply brief.  (*Opening Brief,* p. 7).  In the case to which King refers, White v. Cavalry Portfolio Services, LLC, 2012 U.S. Dist. LEXIS 35601 (D. Colo. Mar. 16, 2012), Judge Babcock denied the request contained in a reply brief for an additional 4.8 hours in fees because it was first raised in the reply, and cited Brimer v. Life Ins. Co. of North America, 462 Fed. Appx. 804 (10th Cir. Feb. 12, 2012)(unpublished).  Id., at *3.

There is no inconsistency or "moving target" between the District Judge's ruling in the White case and the case at bar.  In both cases, the court deemed the request for fees after the initial motion for fees as untimely.  Presumably, in the White case, the District Judge could have found an additional basis to deny the request for fees in the reply as untimely under Rule 54(d)(2)(B)(i).  The rulings are neither inconsistent nor confusing.

While King expresses skepticism about the ability to provide a "fair estimate" of fees that may be incurred relating to litigating a fee request, King fails to take into account King's counsel's extensive experience in handling FDCPA cases and contested fee petitions.  In fact, taking into account matters handled by the undersigned's office alone, over the past two (2) years, King's counsel and the undersigned's law firm have been involved in at least seventeen (17) cases

resulting in contested fee petitions after the acceptance of an offer of judgment under Rule 68.[6]  As the District Judge recognized, King's counsel "They are also often capable of estimating the expense of doing so especially where, as here, their attorneys have handled an extremely high number of remarkably similar cases." (Aplt. App. 245).  As the motions for fees rarely differ, neither do the responses to those motions.  Therefore, there is no legitimate reason why King's counsel could not provide a "fair estimate" of fees that might be necessary in preparing a reply brief which generally mirrors all of the other replies filed in similar cases.  King also fails to consider the district court's experience in handling disputed fee requests under the FDCPA, and in particular, as noted above, their unique knowledge of disputed fee requests involving King's counsel in particular.  (Id.).  Given the experience of the district courts in reviewing contested fees petitions

---

See e.g., Feder v Midland Credit Management, 11-cv-02872-JLK; Fournier v Midland Credit Management, 11-cv-02802-WJM-MEH; Howard v Midland Credit Management, 11-cv-03123-PAB-BNB; Johnson v Leading Edge Recovery, 12-cv-03103-CMA-CBS; Johnson v Midland Credit Management, 11-cv-02864-RPM-MEH; King v Midland Credit Management, 11-cv-02808-CMA-BNB; Livingston v Midland Credit Management, 11-cv-02775-WYD-MJW; Nuanes v Nations Recovery Center, Inc., 12-cv-01140-RPM-KMT; Nuanes v NCC Business Services, Inc., 12-CV-00228-WJM-MJW; Orrick v Midland Credit Management, 11-CV-03133-PAB-KMT; Orrick v Midland Credit Management, 12-cv-03142-RPM-CBS; Segura v Midland Credit Management, 12-cv-00830-PAB-KMT; Stauffer v NCC Business Services, Inc., 13-cv-00243, PAB-KLM; Varley v Midland Credit Management, 11-cv-02807-REB-MJW; Wernick v Midland Credit Management, 11-cv-03162-JLK-KLM; White v Cavalry Portfolio, 11-cv-02217-LTB-BNB; Williams v CACH, 13-cv-01291-RM-KMT.

under the FDCPA, they are uniquely qualified to determine the reasonableness of an estimate of fees under Rule 54(d)(2)(B)(iii).

### E.    King is not Entitled to Additional Fees.

In her Opening Brief, King requests attorney's fees related to this appeal. (*Opening Brief*, p. 12).  As Midland believes that the District Court's Order should be affirmed, no award for additional fees is warranted.

## CONCLUSION

For the reasons stated herein, Midland respectfully requests that this Court affirm the District Court's Order in its entirety.

## STATEMENT REGARDING ORAL ARGUMENT

Midland does not request oral argument.

Respectfully submitted this 1st day of August, 2013.

ADAM L. PLOTKIN, P.C.

By:   s/ Joseph J. Lico_____
**Joseph J. Lico, No. 29944**
621 17th Street, Ste 1800
Denver, CO 80293
Phone: (303) 302-6864
E-mail: jlico@alp-pc.com

21

## CERTIFICATE OF COMPLIANCE

As required by Fed.R.App.P. 32(a)(7)(c), I hereby certify that this Answer Brief is proportionally spaced,  and contains 5536 words.  The undersigned relied upon his word processor (Microsoft Word, version 2010) to obtain the word count. The document was prepared in Times New Roman 14-point font.

I hereby certify that the information contained on this form is true and correct to the best of my knowledge and belief formed after reasonable inquiry.

<u>/s/Joseph J. Lico</u>
Joseph J. Lico
Attorney for Appellee

## CERTIFICATE OF DIGITAL SUBMISSION

The undersigned certifies that no redactions were made or were necessary. The digital form of this document, submitted in pdf format, is an exact copy of the document filed with the Clerk, and has been scanned for viruses using Webroot Secure Anywhere Enterprise.  The document is free from any viruses.  The software is updated weekly, and the definitions are updated daily.

I hereby certify that the information contained on this form is true and correct to the best of my knowledge and belief formed after reasonable inquiry.

<u>/s/Joseph J. Lico</u>
Joseph J. Lico
Attorney for Appellee

<u>**Certificate of Service**</u>

I hereby certify that on August 1, 2013, I electronically filed the foregoing **ANSWER BRIEF** with the Clerk of Court using the CM/ECF system. Two copies of the same were sent to counsel for appellant, addressed as follows:

> David M. Larson, Esq.
> Attorney for Appellant
> 405 S. Cascade Avenue, Suite 305
> Colorado Springs, CO 80903
> (719) 473-0006

In addition, seven (7) hard copies of this **Answer Brief** will be forward to the Clerk's Office within two (2) business days.

By:   <u>s/ Joseph J. Lico</u>
**Joseph J. Lico, No. 29944**
621 17th Street, Ste 1800
Denver, CO 80293
Phone: (303) 296-3566
E-mail: jlico@alp-pc.com